UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: WENDELL SWEET
TERESA SWEET,

No. 13-06-11027 MA

Debtors.

_____

KELLEY L. SKEHEN,
STANDING CHAPTER 13 TRUSTEE,

    Plaintiff,

v.                                                          Adversary No. 08-1056 M

BARE BONES GRAPHICS,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment ("Motion") filed by The Standing Chapter 13 Trustee, Kelley L. Skehen.[1] The Motion requests the Court to grant summary judgment in her favor on her claim to avoid a transcript of judgment filed by Defendant Bare Bones Graphics ("BBG") as a preferential transfer under 11 U.S.C. § 547(b). Plaintiff also filed a Memorandum in Support of Plaintiff's Motion for Summary Judgment. BBG opposes the Motion, asserting that its transcript of judgment does not constitute a preference. After consideration of the Motion and memorandum in support thereof, along with the statement of material facts, supporting affidavit and supporting documents, and BBG's response in opposition thereto, along with BBG's supporting affidavits, the Court finds that the

---

[1] Plaintiff also filed a Memorandum in Support of Plaintiff's Motion for Summary Judgment, along with a supporting affidavit and supporting documents, and a statement of material facts in support of the Motion. *See* Docket No. 16, Docket No. 17, and Docket No. 18.

1

undisputed material facts show that Plaintiff is entitled to judgment as a matter of law. The Court will, therefore, grant the Motion.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. The party requesting summary judgment must demonstrate to the Court that the undisputed facts entitle the movant to judgment as matter of law.[2] The party opposing summary judgment may not rest upon allegations or denials contained in its own pleading, but must "set out specific facts showing a genuine issue for trial." Rule 56(e)(2), Fed.R.Civ.P. To successfully defend against a motion for summary judgment, the affidavits and/or other documentation offered by the party opposing summary judgment must contain probative evidence that would allow a trier of fact to find in BBG's favor.[3] In determining whether summary judgment should be granted, the Court must view the facts in the light most favorable to the party opposing summary judgment.[4]

---

[2] *See Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). ("[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact.").

[3] *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

[4] *Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 2007)("When applying this standard, we are instructed to 'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' "))*Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990)(internal quotation marks omitted); *Henderson v. Inter-Chem Coal Co.,* 41 F.3d 567, 569 (10th Cir. 1994)(stating that the court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party . . .").

UNDISPUTED FACTS

The following material facts are undisputed:

1. Wendell Sweet and Teresa Sweet (together, Debtors) filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 16, 2006.

2. BBG is a creditor of the Debtors.

3. Pre-petition, BBG filed a complaint in state court against the Debtors for recovery of a debt on an open account, breach of contract, quantum meruit and unjust enrichment, and obtained a Judgment by Default ("Default Judgment") against the Debtors on March 3, 2006 in the amount of $24,348.29 for the balance due on an open account for printing and graphic design, and $700.00 for the balance due on a printing press, plus attorneys' fees of $3,556.14, costs in the amount of $268.33, and pre-judgment interest in the amount of $1,693.62, for a total judgment in the amount of $29,788.38.. *See* Exhibit 2 attached to BBG's Response to Plaintiff's Motion for Summary Judgment and Supporting Memorandum - Docket No. 22.

4. BBG obtained a transcript of judgment based on the Default Judgment and recorded the transcript of judgment in Valencia County, New Mexico on April 3, 2006. *See* Plaintiff's Exhibit 9.

5. The transcript of judgment was recorded seventy-four (74) days prior to the date of the filing of the Debtors' voluntary Chapter 13 proceeding.

6. The Debtor's statements and schedules filed in their bankruptcy proceeding reflect total assets in the amount of $235,665.88, total debts in the amount of $236,031.68, and total claimed exemptions in the amount of $74,480.00. *See* Amended Schedule A - real property

3

valued at $199,000.00 (Plaintiff's Exhibit 11); Schedule C - exemptions (Plaintiff's Exhibit 2); Schedule E - unsecured priority claims in the amount of $15,000 (Plaintiff's Exhibit 2); Amended Schedule B - personal property valued at $36,665.88 (Plaintiff's Exhibit 3); Amended Schedule D - Secured Claims in the amount of $140,236 (Plaintiff's Exhibit 3); Amended Schedule F - unsecured claims in the amount of $80,795.68 (Plaintiff's Exhibit 3).

    7. Debtors' Amended Schedule A identifies two parcels of real property: 1) a residence located at 101 Hacienda Road NW, Albuquerque, New Mexico, valued at $175,000.00 and encumbered by a secured claim in amount of $110,236.00; and 2) 18 acres of unencumbered vacant land located in Valencia County, New Mexico ("Property") which the Debtors' valued at $24,000.00. *See* Plaintiff's Exhibit 11.

## DISCUSSION

Pursuant to 11 U.S.C. § 547(b), the trustee may avoid any transfer of a debtor's interest in property - -

> (1) to or for the benefit of a creditor;
> (2) for or on account of antecedent debt owed by the debtor before such transfer
>    was made;
> (3) made while the debtor was insolvent;
> (4) made --
>    (A) on or within 90 days before the date of the filing of the petition; or
>    (B) between ninety days and one year before the date of the filing of the
>       petition, if such creditor at the time of such transfer was an insider;
>       and
> (5) that enables such creditor to receive more than such creditor would receive if–
>    (A) the case were a case under chapter 7 of this title;
>    (B) the transfer had not been made; and
>    (C) such creditor received payment of such debt to the extent provided by
>       the provisions of this title.

    11 U.S.C. § 547(b).

The transfer at issue in this adversary proceeding meets the criteria under 11 U.S.C. § 547(b).

4

BBG contends that the filing of its transcript of judgment does not constitute a "transfer." But it is well settled that the recording of a transcript of judgment against real property owned by the debtor constitutes a transfer of an interest of a debtor in property within the meaning of 11 U.S.C. § 547(b). *See Rodriguez v. Whatcott (In re Walker),* 389 B.R. 746, 748 (Bankr.D.Colo. 2008), *aff'd,* 391 B.R. 211 (10th Cir. BAP 2008)("[T]he creation of the Judgment Lien by recording the transcript of judgment . . . was a transfer of an interest of the Debtor in property."); *In re RDM Sports Group, Inc.,* 250 B.R. 805, 815 (Bankr.N.D.Ga. 2000) ("Provided that all of the elements of a preference are satisfied, the fixing of a judicial lien itself is a transfer subject to avoidance.")(citations omitted); *Orth-O-Vision, Inc. v. Wometco Home Theatre, Inc. (In re Orth-O-Vision, Inc.),* 49 B.R. 943, 944 (Bankr.E.D.N.Y. 1985) ("Involuntary transfers of the debtor's property, including judicial liens fall within [547(b)].")(citation omitted). Next, pursuant to 11 U.S.C. § 547(f), the debtor is presumed to be insolvent within the ninety days preceding the petition date. 11 U.S.C. § 547(f). BBG is a creditor of the Debtors, and the transcript of judgment was issued in favor of BBG and against the Debtors. Therefore, the transfer was for the benefit of BBG. BBG does not dispute that the transfer occurred within the 90-day preference period. Elements (1), (3), and (4) of 11 U.S.C. § 547 have, therefore, been satisfied. BBG asserts that elements (2) and (5) under 11 U.S.C. § 547(b) have not been satisfied for purposes of summary judgment, attempts to raise an ordinary course of business defense, and alleges that the debt at issue arose as a result of the Debtors' fraud. The Court will address each argument in turn.

<u>Element (2) - Whether the transcript of judgment was made on account of antecedent debt.</u>

BBG contends that the transcript of judgment was not made on account of antecedent

debt, since it was issued as a result of the judgment. This argument fails. "[A]n antecedent debt owed by the debtor occurs when a right to payment arises - even if the claim is not fixed, liquidated, or matured." *In re First Jersey Sec. Inc.*, 180 F.3d 504, 511 (3rd Cir. 1999)(citations omitted). Here, the debt at issue was liquidated by the Default Judgment BBG obtained against the Debtors. The Default Judgment upon which the transcript of judgment was issued was obtained as a result of Debtors' failure to pay. *See* Plaintiff's Exhibit 2 - Judgment by Default entered in Case No. CV-2005-03753. The Default Judgment and the consequent transcript of judgment are, therefore, based upon antecedent debt.

> Element (5) Whether the Transfer Would Enables the Creditor to Receive More than it Would Otherwise Receive had the Transfer Not Been Made and the Estate Liquidated And Distributed to Creditors

BBG alleges that Debtors made an agreement with BBG to transfer their interest in twenty-four acres of real property in Valencia County to BBG prior to the 90-day preference period, and that the raw land served as collateral to a debt owed by the Debtors to BBG prior to the entry of the Default Judgment against the Debtors. Thus BBG reasons that the recording of a transcript of judgment does not enable it to receive more than it would had the transcript not been recorded, because BBG was entitled to receive real property by prior agreement with the Debtors. This argument fails.

There is no evidence of an agreement between the Debtors and BBG to transfer real property, nor is there any evidence of a mortgage or security agreement held by BBG. The Affidavit of Michael E. Sanchez offered by BBG states that copies of certain documents, including an Affidavit executed by Tracy Martinez, are attached to his Affidavit. No Affidavit of Tracy Martinez was attached or included as part of BBG's documents in opposition to the

6

Motion.  The other Exhibits referenced in the Affidavit of Michael E. Sanchez fail to raise a genuine issue of material fact.  Moreover, it is undisputed that the transfer of the real property to BBG never occurred.  "When a claim or defense is unsupported and there is a complete failure of proof of an essential element of the nonmoving party's case, then all other facts are rendered immaterial."  *Redmond v. Ellis County Abstract & Title Co., (In re Liberty Livestock Co.),* 198 B.R. 365, 375 (Bankr.D.Kan. 1996).

By recording a transcript of judgment against the Property, BBG would receive more than it would be entitled to receive had the transcript of judgment not been recorded, i.e., the transfer not been made and BBG received payment on its unsecured claim under a hypothetical Chapter 7 liquidation analysis.  BBG takes issue with the amount of the priority, secured, and unsecured claims used by the Trustee in calculating BBG's hypothetical distribution analysis.  But, unless there are sufficient assets to pay all unsecured claims in full, the transfer at issue would enable BBG to receive more than it would otherwise be entitled to receive had the transcript of judgment not been recorded.  *See Walker,* 389 B.R. at 749 (noting that in an insolvent estate, *any* payment during the preference period enables a creditor to receive more than it otherwise would have been entitled to receive, and avoiding judgment creditor's recorded judgment lien where the property had value in excess of other, unavoidable liens, and where there was insufficient funds to pay 100% of the total unsecured claims)(citing *Elliott v. Frontier Properties (In re Lewis W. Shurtleff, Inc.),* 778 F.2d 1416, 1421 (9th Cir. 1985)).

Based on the Debtors' schedules and claimed exemptions, the total value of the non-

7

exempt assets is $161,185.88[5], yet the total amount of debt listed in the Debtors' statements and schedules is well over $200,000.00. The claims register reflects total unsecured claims in the amount of $83,298.07, and unsecured priority tax claims in the amount of $15,199.72. If the assets were liquidated, there would be insufficient non-exempt assets to pay unsecured claims in full.[6] BBG's Exhibits fail to raise a genuine issue of material fact as to the value of the Property. But even if the Court were to consider that the Property is worth twice as much as the Debtors valued it ($48,000, instead of $24,000), there are insufficient excess non-exempt assets to pay unsecured claims in full. By recording the transcript of judgment against the Property, BBG converted its unsecured claim into a secured claim, and the transfer would enable BBG to receive payment of its judgment in full, which is more than it would otherwise have been entitled had the Debtors' estate been liquidated under Chapter 7 and BBG received a distribution as an unsecured claimant. "[A]s a matter of law, whenever a general unsecured creditor obtains, within the preference period, a judicial lien against a debtor who cannot fully repay his unsecured creditors, he has received a preference." *Orth-O-Vision*, 49 B.R. at 945 (citations omitted).

---

[5]       Amended Schedule A - Real Property = $199,000
            Amended Schedule B - Personal Property = $36,665.88

(Less)       Schedule C - Claimed Exemptions = $74,480.00
           TOTAL non-exempt Assets = $161,185.88

[6] Amended Schedule A Real Property valued at $199,000.00, less mortgage against Debtors' residence in the amount of $110,236.00 = $88,764.00 less Debtors' exemption in their residence in the amount of $60,000.00 = $28,764.00 + Amended Schedule F - Personal Property valued at $36,665.88 less exemption in personal property in the amount of $14,480 = $22,185.88, resulting in $50,949.88 in total liquidated assets. From this amount, priority unsecured claims would be paid in full before any distribution to general unsecured claimants.

Ordinary Course of Business Defense to Preferential Transfer - 11 U.S.C. § 547(c).

BBG asserts that the alleged prior agreement with the Debtors to transfer property was made in the ordinary course of the parties' dealings. Ordinary course of business can serve as a defense to a preference action under 11 U.S.C. § 547.[7] Here, the transfer at issue is the recording of the transcript of judgment, not the alleged prior agreement between the Debtors and BBG regarding the Property. The recording of a transcript of judgment is not an ordinary course of business transaction; it occurs following the entry of a judgment, which in turn, occurs when a party fails to perform according to the parties' agreement.

Non-dischargeability Claims are Not Relevant to Trustee's Preference Action under 11 U.S.C. § 547.

BBG's final argument is that the underlying debt was incurred by Debtors' false pretenses, false representations, and fraud. The nature of the debt underlying the transcript of judgment as a debt that arose as a result of Debtors' fraud is irrelevant to Plaintiff's action to avoid the transcript of judgment as a preferential transfer under 11 U.S.C. § 547. *Cf. In re Mantelli,* 149 B.R. 154, 157 (9th Cir. BAP 1993)(rejecting creditor's argument that because the payment at issue satisfied a non-dischargeable debt, it was not voidable as a preference under § 547, stating that "[n]ondischargeability is simply not at issue under § 547(b)(5)."). If the debt

---

[7]*See* 11 U.S.C. § 547(c)(2), which provides:
>the trustee may not avoid under this section a transfer –
>>(2) to the extent such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was –
>>>(A) made in the ordinary business or financial affairs of the debtor and the transferee; or
>>>(B) made according to ordinary business terms;
>
>11 U.S.C. § 547(c)(2).

was incurred as a result of false pretenses, false representations, or actual fraud, it may be non-dischargeable under 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 1328(a)(2), but a determination as to the dischargeability of the debt requires the timely filing of an independent adversary proceeding.  *See* 11 U.S.C. § 523(c); Rule 7001(6), Fed.R.Bankr.P.; and Rule 4007(c), Fed.R.Bankr.P.   Avoidance of the transcript of judgment as a preference does not invalidate BBG's claim, it simply results in BBG holding an unsecured claim.

Based on the foregoing, the Court concludes that there is no genuine issue of material fact that would preclude summary judgment.  Plaintiff is entitled to summary judgment as a matter of law on its action to avoid BBG's transcript of judgment.  An appropriate order granting Plaintiff's motion and a judgment in favor of Plaintiff will be entered in accordance with this Memorandum Opinion.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: February 25, 2009

COPY TO:

Kelley L. Skehen
Plaintiff
625 Silver Ave. SW, Suite 350
Albuquerque, NM 87102

Michael E. Sanchez
Attorney for Defendant
PO Box 15274
Rio Rancho, NM 87174-0274

10